Richard P. Traulsen – State Bar #016050
**BEGAM MARKS & TRAULSEN, PA**
11201 North Tatum Blvd., Suite 110
Phoenix, AZ 85028
(602) 254-6071
Email: RTraulsen@bmt-law.com

Adam J. Kress, Esq.  (MN Bar #0397289)
*Pro Hac Vice to be filed*
**JOHNSON BECKER, PLLC**
444 Cedar Street, Suite 1800
St. Paul, MN 55101
Telephone: (612) 436-1800
Fax: (612) 436-1801
Email: akress@johnsonbecker.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Amy L. Ramion, an individual, | Case No.: |
| Plaintiff, | |
| v. | COMPLAINT AND DEMAND FOR JURY TRIAL |
| SharkNinja, LLC, a Massachusetts Limited Liability Company, | |
| Defendant. | |

Plaintiff, Amy L. Ramion (hereafter referred to as "Plaintiff"), by and through her undersigned counsel, Johnson Becker, PLLC and Begam Marks & Traulsen, PA., hereby submits the following Complaint and Demand for Jury Trial against Defendant SharkNinja Operating, LLC (hereafter referred to as "Defendant SharkNinja" or "Defendant") alleging the following upon personal knowledge and belief, and investigation of counsel:

## NATURE OF THE CASE

1.      Defendant SharkaNinja Operating, LLC designs, manufactures, markets, imports, distributes and sells a wide range of consumer products, including the subject "Ninja Foodi Deluxe Tendercrisp Pressure Cooker," which specifically includes the FD302 model (referred to hereafter as "pressure cooker(s)" or "Subject Pressure Cooker") that is at issue in this case.

2.      Defendant touts the "safety" of its pressure cookers, and states that they cannot be opened while in use.[1]  Despite Defendant's claims of "safety," it designed, manufactured, marketed, imported, distributed, and sold, both directly and through third-party retailers, a product that suffers from serious and dangerous defects.  Said defects cause significant risk of bodily harm and injury to its consumers.

3.      Specifically, said defects manifest themselves when, despite Defendant's statements, the lid of the pressure cooker is removable with built-up pressure, heat, and steam still inside the unit.  When the lid is removed under such circumstances, the pressure trapped within the unit causes the scalding hot contents to be projected from the unit and into the surrounding area, including onto the unsuspecting consumers, their families, and other bystanders. In this case, the lid of the pressure cooker was able to be opened or removed while the pressure cooker retained pressure, causing Plaintiff serious and substantial bodily injuries and damages.

4.      Defendant knew or should have known of these defects but has nevertheless put profit

---

[1] *See, e.g.* "Ninja Foodi Deluxe Tendercrips Pressure Cooker FD302" Owner's Guide, pg. 14.  A copy of the User Manual is attached hereto as "Exhibit A."

**COMPLAINT AND DEMAND FOR JURY TRIAL**

ahead of safety by continuing to sell its pressure cookers to consumers, failing to warn said consumers of the serious risks posed by the defects, and failing to recall the dangerously defective pressure cookers regardless of the risk of significant injuries to Plaintiff and consumers like her.

5.    Defendant ignored and/or concealed its knowledge of these defects in its pressure cookers from the Plaintiff in this case, as well as the public in general, in order to continue generating a profit from the sale of said pressure cookers, demonstrating a callous, reckless, willful, depraved indifference to the health, safety and welfare of Plaintiff and consumers like her.

6.    As a direct and proximate result of Defendant's conduct, Plaintiff in this case incurred significant and painful bodily injuries, medical expenses, physical pain, mental anguish, and diminished enjoyment of life.

## PLAINTIFF AMY L. RAMION

7.    Plaintiff Amy L. Ramion is a resident and citizen of the city of Tucson, County of Pima, State of Arizona.  Plaintiff therefore is a resident and citizen of the State of Arizona for purposes of diversity pursuant to 28 U.S.C. § 1332.

8.    On or about November 20, 2021, Plaintiff suffered serious and substantial burn injuries as the direct and proximate result of the pressure cooker's lid's ability to be rotated and opened while the pressure cooker was still under pressure, during the normal, directed us of the pressure cooker, allowing its scalding hot contents to be forcefully ejected from the pressure cooker and onto Plaintiff.  The incident occurred as a result of the failure of the pressure cooker's supposed "safety mechanisms" which purport to keep the consumer safe

while using the pressure cooker. In addition, the incident occurred as a result of Defendant's failure to redesign the pressure cooker, despite the existence of economical, safer alternative designs.

## DEFENDANT SHARKNINJA OPERATING, LLC

9. Defendant SharkNinja designs, manufacturers, markets, imports, distributes and sells a variety of consumer products, including the subject "Ninja Foodi Deluxe Tendercrisp" pressure cookers.

10. SharkNinja Operating LLC is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Massachusetts, whose sole member is EP Midco LLC, a Massachusetts limited liability company created and organized under the laws of the State of Delaware with its principal place of business in Massachusetts, whose sole member is Global Appliance, LLC, a Delaware limited liability company with its principal place of business in Massachusetts, whose sole member is Global Appliance UK Holdco Ltd., a corporation organized under the laws of the United Kingdom with its principal place of business located in England. SharkNinja is therefore a citizen of the United Kingdom and England for the purposes of diversity jurisdiction.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 all or a substantial part of the events or omissions giving rise to this claim occurred in this district.

13.    Venue is also proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant has sufficient minimum contacts with the State of Arizona; and has intentionally availed itself of the markets within Arizona through the promotion, sale, marketing, and distribution of its products.

## FACTUAL BACKGROUND

14.    Defendant SharkNinja is engaged in the business of designing, manufacturing, warranting, marketing, importing, distributing and selling the pressure cookers at issue in this litigation.

15.    Defendant SharkNinja warrants, markets, advertises and sell its pressure cookers as a means to make cooking "easy" and "convenient," allowing consumers to "cook 70% faster than traditional cooking method[s]." [2]

16.    Defendant SharkNinja boasts that its pressure cookers have "UL-Certified safety mechanisms," [3] which purport to keep the user safe while cooking.

17.    For example, according to the Owner's Guide accompanying each individual unit sold, the pressure cookers come equipped with safety features that prevent the lid from being removed until the unit has "completely depressurized":



**NOTE:** The pressure lid will not unlock until the unit is completely depressurized.

*See*, Ninja OP401 Owner's Guide, pg. 14

---

[2] https://www.ninjakitchen.com/tendercrisp-foodi-technology/ (last accessed October 20, 2023).

[3] *Id*.

18.    The Owner's Guide further states that, "[a]s the unit pressurizes, the lid will lock as a safety measure, and it will not unlock until pressure is released"[4] and that "[if] the lid will not turn to unlock, this indicates the appliance is still under pressure…When steam is completely released the float valve will be in the lower position allowing the lid to be removed."[5]

19.    By reason of the forgoing acts or omissions, the above-named Plaintiff and/or her family purchased and used the pressure cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

20.    On or about April 8, 2021, Plaintiff was using the pressure cooker designed, manufactured, marketed, imported, distributed, and sold by Defendant SharkNinja for its intended and reasonably foreseeable purpose of cooking for her family.

21.    While the pressure cooker was in use for cooking, the pressure cooker's lid unexpectedly and suddenly blew off the pot in an explosive manner. The contents of the pressure cooker were forcefully ejected out of the pot and onto Plaintiff, causing severe, disfiguring burns.

22.    Plaintiff and her family used the pressure cooker for its intended purpose of preparing meals and did so in a manner that was reasonable and foreseeable by the Defendant SharkNinja.

---

[4] *Id*. at pg. 14.

[5] *Id*.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

23.    However, the aforementioned pressure cooker was defectively and negligently designed and manufactured by the Defendant SharkNinja in that it failed to properly function as to prevent the lid from being removed with normal force while the unit remained pressurized, despite the appearance that all the pressure had been released, during the ordinary, foreseeable and proper use of cooking food with the product; placing the Plaintiff, her family, and similar consumers in danger while using the pressure cookers.

24.    Defendant SharkNinja's pressure cookers possess defects that make them unreasonably dangerous for their intended use by consumers because the lid can be rotated and opened while the unit remains pressurized.

25.    Further, Defendant SharkNinja's representations about "safety" are not just misleading, they are flatly wrong, and put innocent consumers like Plaintiff directly in harm's way.

26.    Economically safer alternative designs were available that could have prevented the pressure cooker's lid from being rotated and opened while pressurized.

27.    As a direct and proximate result of Defendant's intentional concealment of such defects, its failure to warn consumers of such defects, its negligent misrepresentations, its failure to remove a product with such defects from the stream of commerce, and its negligent design of such products, Plaintiff and her daughter used an unreasonably dangerous pressure cooker, which resulted in significant and painful bodily injuries to Plaintiff.

28.    Consequently, the Plaintiff in this case seeks compensatory damages resulting from the use of Defendant SharkNinja's pressure cooker as described above, which has caused

**COMPLAINT AND DEMAND FOR JURY TRIAL**

the Plaintiff to suffer from serious bodily injuries, medical expenses, physical pain, mental anguish, diminished enjoyment of life, and other damages.

**FIRST CAUSE OF ACTION**
**<u>STRICT LIABILITY</u>**

29.     Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

30.     At the time of Plaintiff's injuries, Defendant's pressure cookers were defective and unreasonably dangerous for use by foreseeable consumers, including Plaintiff.

31.     Defendant's pressure cookers were in the same or substantially similar condition as when they left the possession of the Defendant.

32.     Plaintiff and her family did not misuse or materially alter the pressure cooker.

33.     The pressure cookers did not perform as safely as an ordinary consumer would have expected them to perform when used in a reasonably foreseeable way.

34.     Further, a reasonable person would conclude that the possibility and serious of harm outweighs the burden or cost of making the pressure cookers safe. Specifically:

    a.  The pressure cookers designed, manufactured, sold, and supplied by Defendant were defectively designed and placed into the stream of commerce in a defective and unreasonably dangerous condition for consumers.

    b.  The seriousness of the potential burn injuries resulting from the product drastically outweighs any benefit that could be derived from its normal, intended use.

    c.  Defendant failed to properly market, design, manufacture, distribute, supply, and sell the pressure cookers, despite having extensive knowledge that the aforementioned injuries could and did occur.

    d.  Defendant failed to warn and place adequate warnings and instructions on the pressure cookers.

    e.  Defendant failed to adequately test the pressure cookers; and

8

**COMPLAINT AND DEMAND FOR JURY TRIAL**

f.  Defendant failed to market an economically feasible alternative design, despite the existence of economical, safer alternatives, that could have prevented the Plaintiff' injuries and damages.

35.    At the time of Plaintiff's injuries, Defendants' pressure cookers were defective and unreasonably dangerous for use by foreseeable consumers, including Plaintiff.

36.    Defendant's actions and omissions were the direct and proximate cause of the Plaintiff's injuries and damages.

**WHEREFORE,** Plaintiff demands judgment against Defendant for and punitive damages according to proof, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.  Plaintiff reserves the right to amend the complaint to seek punitive damages if and when evidence or facts supporting such allegations are discovered**.**

**SECOND CAUSE OF ACTION**
**<u>NEGLIGENCE</u>**

37.    Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

38.    Defendant had a duty of reasonable care to design, manufacture, market, and sell non-defective pressure cookers that are reasonably safe for its intended uses by consumers, such as Plaintiff and her family.

39.    Defendant failed to exercise ordinary care in the manufacture, sale, warnings, quality assurance, quality control, distribution, advertising, promotion, sale and marketing of its pressure cookers in that Defendant knew or should have known that said pressure cookers created a high risk of unreasonable harm to the Plaintiff and consumers alike.

9

**COMPLAINT AND DEMAND FOR JURY TRIAL**

40.    Defendant was negligent in the design, manufacture, advertising, warning, marketing and sale of its pressure cookers in that, among other things, it:

  a. Failed to use due care in designing and manufacturing the pressure cookers to avoid the aforementioned risks to individuals.

  b. Placed an unsafe product into the stream of commerce.

  c. Aggressively over-promoted and marketed its pressure cookers through television, social media, and other advertising outlets; and

  d. Were otherwise careless or negligent.

41.    Despite the fact that Defendant knew or should have known that consumers were able to remove the lid while the pressure cookers were still pressurized, Defendant continued to market (and continue to do so) its pressure cookers to the general public.

**WHEREFORE,** Plaintiff demands judgment against Defendant for and punitive damages according to proof, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.  Plaintiff reserves the right to amend the complaint to seek punitive damages if and when evidence or facts supporting such allegations are discovered**.**

**THIRD CAUSE OF ACTION**
**<u>BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY</u>**

42.    Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

43.    At the time Defendant marketed, distributed and sold its pressure cookers to the Plaintiff in this case, Defendant warranted that its pressure cookers were merchantable and fit for the ordinary purposes for which they were intended.

44.     Members of the consuming public, including consumers such as Plaintiff, were intended third-party beneficiaries of the warranty.

45.     Plaintiff reasonably relied on Defendant's representations that its pressure cookers were a quick, effective, and safe means of cooking.

46.     Defendant's pressure cookers were not merchantable because they had the propensity to lead to the serious personal injuries as described herein in this Complaint.

47.     Plaintiff used the pressure cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

48.     Defendant's breach of implied warranty of merchantability was the direct and proximate cause of Plaintiff's injury and damages.

     **WHEREFORE,** Plaintiff demands judgment against Defendant for and punitive damages according to proof, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.  Plaintiff reserves the right to amend the complaint to seek punitive damages if and when evidence or facts supporting such allegations are discovered**.**

**FOURTH CAUSE OF ACTION**
**BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE**

49.     Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

50.     Defendant manufactured, supplied, and sold its pressure cookers with an implied warranty that they were fit for the particular purpose of cooking quickly, efficiently, and

safely.

51.    Members of the consuming public, including consumers such as Plaintiff, were the intended third-party beneficiaries of the warranty.

52.    Defendant's pressure cookers were not fit for the particular purpose as a safe means of cooking, due to the unreasonable risks of bodily injury associated with its use.

53.    Plaintiff reasonably relied on Defendant's representations that its pressure cookers were a quick, effective, and safe means of cooking.

54.    Defendant's breach of the implied warranty of fitness for a particular purpose was the direct and proximate cause of Plaintiff's injuries and damages.

**WHEREFORE,** Plaintiff demands judgment against Defendant for and punitive damages according to proof, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.  Plaintiff reserves the right to amend the complaint to seek punitive damages if and when evidence or facts supporting such allegations are discovered**.**

## INJURIES & DAMAGES

55.    As a direct and proximate result of Defendant's negligence and wrongful misconduct as described herein, Plaintiff has suffered and will continue to suffer physical and emotional injuries and damages including past, present, and future physical and emotional pain and suffering as a result of the incident. Plaintiff is entitled to recover damages from Defendants for these injuries in an amount which shall be proven at trial.

56.    As a direct and proximate result of Defendant's negligence and wrongful misconduct, as set forth herein, Plaintiff has incurred and will continue to incur the loss of

full enjoyment of life and disfigurement as a result of the incident. Plaintiff is entitled to recover damages for loss of the full enjoyment of life and disfigurement from Defendants in an amount to be proven at trial.

57.    As a direct and proximate cause of Defendant's negligence and wrongful misconduct, as set forth herein, Plaintiff has and will continue to incur expenses for medical care and treatment, as well as other expenses, as a result of the severe burns she suffered as a result of the incident on or about July 20, 2019. Plaintiff is entitled to recover damages from Defendants for her past, present, and future medical and other expenses in an amount which shall be proven at trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against the Defendant as follows:

a.    That Plaintiff has a trial by jury on all of the claims and issues.

b.    That judgment be entered in favor of the Plaintiff and against the Defendant, jointly and severable, on all of the aforementioned claims and issues.

c.    That Plaintiff recover all damages against Defendant, general damages and special damages, including economic and non-economic, to compensate the Plaintiff for the injuries and suffering sustained because of the use of the Defendants' defective product.

d.    That punitive or exemplary damages be award according to proof.

e.    That all costs be taxed against Defendant.

f.    That Plaintiffs be awarded attorney's fees to the extent permissible under Ariz. Rev. Stat. § 12-341.01; and

g.    That this Court awards any other relief that it may deem equitable and just, or that may be available under the law of another forum to the extent the law of another forum is applied, including but not limited to all reliefs prayed for in this Complaint and in the foregoing Prayer for Relief.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1

## **DEMAND FOR JURY TRIAL**

2     Plaintiffs hereby request a jury trial on all issues raised in this Complaint.

3

4     **DATED** this 2nd day of November, 2023.

5

6                                    **BEGAM MARKS & TRAULSEN, PA**

7

8     By  *s/ Richard P. Traulsen*
          Richard P. Traulsen, Esq.

9         11201 North Tatum Blvd., Suite 110
          Phoenix, Arizona 85028

10        Attorneys for Plaintiffs

11        *In association with*:

12        **JOHNSON BECKER, PLLC**

13

14        Adam J. Kress, Esq.
          (MN Bar #0397289)

15        *Pro Hac Vice to be filed*
          444 Cedar Street, Suite 1800

16        St. Paul, MN 55101
          Telephone: (612) 436-1800

17        Fax: (612) 436-1801
          Email: akress@johnsonbecker.com

18

19        *Attorneys for Plaintiff*

20

21

22

23

24

25

26

27

28